MURDOCK, Justice
(concurring specially).
I write separately to respectfully disagree with views expressed by Justice Woodall in his dissenting opinion. First, I cannot conclude that Rule 4(i)(2)(C), Ala. R. Civ. P., is the “obviously applicable rule” to the exchision of Rule U(c), Ala. R. Civ. P. As indicated by its title, as well as by its text, the focus of Rule 4(c) is “Upon Whom Process [may be] Served.” (Emphasis added.) For eight different categories of defendants, it describes the individuals into whose hands the summons and complaint are to be placed. It is a rule of general application; it is not limited by its terms to service of process by a process server. For an individual defendant, it provides that the summons and complaint be placed in the hands of (i) the defendant, *1114 (ii) a person of suitable age and discretion residing in the defendant’s dwelling house or usual place of abode, “or” (iii) an agent authorized to receive service of process on behalf of the defendant.
Nor do I read the main opinion as holding “that an individual defendant may be served by certified mail received and signed for by an agent only at the individual’s ‘dwelling house or usual place of abode.’ ” 4 So.3d at 1114. Nothing in the main opinion purports to discard the disjunctive portions of Rule 4(c) providing for service of process directly upon the individual defendant or upon “an agent authorized by appointment or by law,” neither of which by its terms requires service to be accomplished at the defendant’s dwelling house or usual place of abode. Nor does the main opinion discard the portion of Rule 4(i)(2)(C) explaining that, for purposes of service by certified mail, a defendant’s “agent” is a person or entity specifically authorized to receive the addressee’s mail and to deliver that mad to the addressee. The main opinion merely recognizes that, at the time the trial court entered its March 30, 2006, order, there was no evidence before it upon which it could have ruled in favor of Chappell on the basis of any of these provisions; that none of these provisions were put at issue in the trial court prior to the entry of the March 30 order; and that none of these provisions have been argued on appeal to this Court.